UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACIE ROBINSON | CIVIL ACTION |
| VERSUS | NO. 22-3734 |
| SHERIFF DANIEL EDWARDS, ET AL. | SECTION: D (1) |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment, filed by defendant, Daniel Edwards, sued solely in his official capacity as the Tangipahoa Parish Sheriff.[1]

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The instant Motion had a submission date of January 23, 2024.[2] As of the date of this Order and Reasons, no memorandum in opposition has been filed.

Accordingly, because this Motion for Summary Judgment is unopposed and, importantly, because the Motion has merit, the Motion is **GRANTED** and Plaintiff's claims against Sheriff Daniel Edwards are **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil rights and wrongful death action concerning the death of Vincent Robinson during his incarceration at Tangipahoa Parish Jail. On October 7, 2022, Tracie Robinson, Vincent Robinson's sister, filed a Complaint in this Court, individually and as the administrator of the Estate of Vincent Robinson, against Daniel Edwards, in his official capacity as the Tangipahoa Parish Sheriff.[3] Plaintiff

---

[1] R. Doc. 15.
[2] *Id.*
[3] R. Doc. 1.

alleges that on October 6, 2021, employees of the Tangipahoa Parish Sheriff's Office entered Vincent Robinson's cell and accosted him, that he was denied timely medical attention, and that he died as a result of his injuries.[4]  Plaintiff seems to allege that Vincent Robinson was targeted because he was a homosexual male who later identified as transgender and used the alias "Vanessa."[5]  Plaintiff asserts claims under 42 U.S.C. § 1983 for excessive force and bystander liability, as well as claims under Louisiana law for battery, wrongful death, and a survival action.[6]

On January 2, 2024, Sheriff Edwards filed the instant Motion for Summary Judgment, asserting that all of Plaintiff's claims should be dismissed as time-barred and because there is no evidence to support her allegations.[7]  As of the date of this Order and Reasons, Plaintiff has not filed a response to the Motion.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[8] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to

---

[4] R. Doc. 1 at ¶¶ 7-9.  The Court notes that while Plaintiff alleges that these events occurred "On or about October 6, 2022" (*Id.* at ¶ 7), this appears to be a typographical error.  Plaintiff filed her Complaint on October 7, 2022 and alleges elsewhere in the Complaint that, "Now a year after his killing, Ms. Robinson has yet to learn the who and why that caused the death of her brother." *Id.* at ¶ 11.  The Court therefore deduces that Plaintiff intended to assert that Vincent Robinson died on October 6, 2021.
[5] *Id.* at ¶ 7.
[6] *Id.* at ¶¶ 21-38.
[7] R. Doc. 15.
[8] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).

interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[9] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[10] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[11] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[12] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[13]

**III.   ANALYSIS**

Because Plaintiff has not filed a response to the instant Motion, Sheriff Edwards' Statement of Undisputed Facts[14] are uncontested. According to the undisputed facts before the Court, on October 1, 2021, while incarcerated at Tangipahoa Parish Jail, Vincent Robinson met with Nurse Elizabeth Chandler

---

[9] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.
[10] *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.
[11] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[12] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.
[13] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[14] R. Doc. 15-1.

around 9:00 p.m. and expressed concerns about his housing assignment in the jail.[15] After that meeting, Robinson remained in the booking area outside of the nurse's station for 20-30 minutes before he was escorted to a different cell for temporary housing while awaiting a formal cell reassignment.[16] Approximately an hour-and-a-half later, around 11:18 p.m., Robinson was found unresponsive in his cell by Tangipahoa Parish Sheriff's Office Sergeant Percy Brown, who ran to medical and returned with Nurse Chandler.[17] Nurse Chandler examined Robinson, instructed Sgt. Brown to call 911, and began performing CPR.[18] The Amite Fire Department EMS arrived on the scene at approximately 11:37 p.m. and Acadian Ambulance arrived at approximately 11:55 p.m.[19] At approximately 12:10 a.m. on October 4, 2021, the first responders had established a pulse and left to transport Robinson to North Oaks Hospital.[20] Robinson subsequently passed away at North Oaks Hospital on October 6, 2021.[21] The autopsy report shows no evidence of trauma, no evidence

---

[15] *Id*. at ¶¶ 1-3. The Court notes that although Sheriff Edwards asserts that the sequence of events leading up to Robinson's death began on October 1, 2021 (*Id*. at ¶¶ 1-2), this seems to be a typographical error. All of the exhibits submitted in support of the Motion indicate that the incident occurred on the evening of October 3, 2021 and the early hours of October 4, 2021. *See*, R. Doc. 15-3 at ¶ 10 ("According to all available TPJ records, Vincent Robinson met with the jail nurse for approximately 10-15 minutes at approximately 9:00 p.m. on October 3, 2023, at which time he expressed concerns about his housing unit as reflected in the attached nurse's notes."); R. Doc. 15-4 (Nursing Progress Note dated 5:56 a.m. on "10/04/21"); R. Doc. 15-5 (Jail Incident Report with an "Incident Date/Time" of "10/4/2021" at "01:47:28"); R. Doc. 15-6 (Tangipahoa Parish Sheriff's Office Dispatch Log showing call received on "10/03/21" at "23:38.23").
[16] R. Doc. 15-1 at ¶¶ 4-5.
[17] *Id*. at ¶¶ 6-7.
[18] *Id*. at ¶ 8.
[19] *Id*. at ¶¶ 9-10.
[20] *Id*. at ¶ 11.
[21] *Id*. at ¶ 12.

of drugs or alcohol in Robinson's system, and lists the cause of death as Covid-19 infection.[22]

The Court finds that while Plaintiff's state law claims are time-barred, Sheriff Edwards has failed to provide sufficient evidence showing that Plaintiff's 42 U.S.C. § 1983 claims are time-barred. The Fifth Circuit has held that the statute of limitations for § 1983 claims is "the forum state's personal-injury limitations period," which in Louisiana is one year.[23] The Fifth Circuit explained that, "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."[24] According to the Fifth Circuit, federal law governs when a § 1983 claim accrues.[25] "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[26] Thus, the statute of limitations begins to run "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury . . . .'"[27]

Here, it is undisputed that Vincent Robinson died on October 6, 2021 and that Plaintiff filed this suit on October 7, 2022.[28] As such, Plaintiff's state law claims for battery, wrongful death, and survival action are prescribed under Louisiana law,

---

[22] *Id.* at ¶ 13 (*citing* R. Doc. 15-7).
[23] *Smith v. Regional Transit Authority*, 827 F.3d 412, 421 (5th Cir. 2016) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)). *See*, La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year."). *See also*, *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) (applying Texas' two-year statute of limitations for personal injury actions to § 1983 claims filed in Texas).
[24] *Smith*, 827 F.3d at 421 (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)) (internal quotation marks omitted).
[25] *Smith*, 827 F.3d at 421 (citing *Jacobsen*, 133 F.3d at 319).
[26] *Gartrell*, 981 F.2d at 257.
[27] *Id.* (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)).
[28] R. Doc. 1; R. Doc. 15-1.

specifically La. Civ. Code arts. 2315.1(A), 2315.2(B), and 3492, because this suit was filed more than one year after Robinson's death. Plaintiff has not asserted, nor is the Court aware of, any basis for tolling Louisiana's one-year statute of limitations on these claims.

As to Plaintiff's § 1983 claims for excessive force and bystander liability, there is no evidence before the Court indicating when Plaintiff possessed the "critical facts" that Vincent Robinson had died and "who has inflicted the injury."[29] The Court notes that the autopsy report submitted by Sheriff Edwards shows October 6, 2021 as the date of death and that the forensic examination took place on October 7, 2021.[30] However, the pathologist, Dana Troxclair, M.D., did not electronically sign the autopsy report until March 12, 2022.[31] Additionally, the Toxicology Reports, the results of which are included in the autopsy report, are dated October 26, 2021.[32] It is unclear when Plaintiff obtained a copy of the autopsy report, as it appears that the report was issued to her counsel on April 27, 2022.[33] Further, Plaintiff has alleged in her Complaint that, "Now a year after his killing, Ms. Robinson has yet to learn the who and why that caused the death of her brother."[34] Accordingly, reviewing the facts and inferences in the light most favorable to Plaintiff as the non-moving party, as the Court is bound to do,[35] the Court finds that Sheriff Edwards has failed to show that

---

[29] *Smith,* 827 F.3d at 421 (quoting *Gartrell,* 981 F.2d at 257).
[30] R. Doc. 15-7 at p. 1.
[31] *Id.* at pp. 1 & 5.
[32] *Id.* at pp. 6-9.
[33] *Id.* at pp. 1-5.
[34] R. Doc. 1 at ¶ 11.
[35] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

he is entitled to summary judgment on Plaintiff's § 1983 claims on the basis that they are time-barred.

Nonetheless, the Court further finds that Sheriff Edwards is entitled to summary judgment on Plaintiff's § 1983 claims because there is no evidence before the Court to support her allegations that Tangipahoa Parish Sheriff's Office deputies used force on Vincent Robinson before his death. The undisputed evidence before the Court, contained in the autopsy report, shows that Vincent Robinson died of natural causes, specifically a Covid-19 infection.[36] The autopsy further states that there was no evidence of trauma.[37] Plaintiff has failed to come forward with any evidence to show that she will be able to establish this essential element of her claims at trial, nor has the Court found any such evidence which demonstrates that Plaintiff would be able to satisfy a jury that she is entitled to a verdict in her favor.[38] Thus, even reviewing the facts and inferences in the light most favorable to Plaintiff as the non-moving party, the Court finds that Sheriff Edwards has shown that there is no genuine issue of material fact and that he is entitled to summary judgment on Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[39] is **GRANTED** and Tracie Robinson's claims, brought individually and as

---

[36] R. Doc. 15-7 at pp. 1-2.
[37] *Id.* at p. 2.
[38] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
[39] R. Doc. 15.

the Administrator of the Estate of Vincent Robinson, are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, February 1, 2024.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**